**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICHARD CONVERTINO,

    Plaintiff,

v.                                                  Case No. 07-CV-13842

UNITED STATES DEPARTMENT
OF JUSTICE, et al.,

    Defendants.
                                                  /

**OPINION AND ORDER (1) GRANTING PLAINTIFF'S "MOTION FOR STAY,"
(2) DENYING AS MOOT PLAINTIFF'S "MOTION TO COMPEL PRODUCTION"
AND (3) DENYING AS MOOT NON-PARTY RESPONDENTS' MOTION TO "QUASH
SUBPOENA AND DISMISS, AND/OR FOR PROTECTIVE ORDER"**

Pending before the court is Plaintiff Richard Convertino's July 6, 2007 "Motion to Compel Production," his September 5, 2007 "Motion for Stay" and non-party Respondents Detroit Free Press, Inc. and David Ashenfelter's August 31, 2007 motion to "Quash Subpoena and Dismiss, and/or for Protective Order." For the reasons stated below, the court will (1) grant Plaintiff's "Motion for Stay," (2) deny as moot Plaintiff's "Motion to Compel Production" and (3) deny as moot non-party Respondents Detroit Free Press and Ashenfelter's motion to "Quash Subpoena and Dismiss, and/or for Protective Order."

**I. BACKGROUND**

This case was converted into a civil action from a miscellaneous action filed in this court by Plaintiff to enforce two subpoenas issued in the civil case of *Convertino v.*

*United States Department of Justice, et al.*, Case No. 04-SV-00236, currently pending in the District Court for the District of Columbia.

In 2004, Plaintiff, a former assistant United States attorney for the Eastern District of Michigan, filed a civil action in the District Court for the District of Columbia, alleging a violation of the Privacy Act, 5 U.S.C. § 552a. Plaintiff's claim is that unknown persons in the Justice Department divulged defamatory information about him to reporter Ashenfelter of the Detroit Free Press. (Non-Party Resps.' Mot. to Quash at 2.)

On March 29, 2006, Plaintiff was indicted on the following four felony counts: conspiracy to obstruct justice and make false declarations, 18 U.S.C. § 371 (Count I), two counts of obstruction of justice, 18 U.S.C. § 1503 (Counts II and IV) and making a materially false declaration before a court, 18 U.S.C. § 1623 (Count III). (Indictment, Dkt. # 1 of Case No. 06-20173.) Plaintiff is awaiting trial before the Honorable Arthur J. Tarnow of this court.

On July 6, 2007, Plaintiff filed a miscellaneous action in this court, as a means of compelling production related to the D.C. civil action. Plaintiff indicates that he has been "unsuccessful in his efforts to learn the identity of the person(s) responsible for leaking the private information about him that appeared in the Detroit Free Press article entitled 'Terror Case Prosecutor is Probed on Conduct' on January 17, 2004, under the byline of David Ashenfelter." (Pl.'s Mot. to Compel at 1-2.) Accordingly, on April 30, 2007 and May 2, 2007, Plaintiff obtained subpoenas from this court and served them upon Ashenfelter and the Detroit Free Press. (*Id.* at 2.) The subpoenas commanded "Mr. Ashenfelter to appear for deposition concerning the identity of the source(s) for the Free Press Article, and to produce any and all related documents in his possession or

control, and commanded the Free Press to designate a corporate representative to do the same." (*Id.*) Plaintiff filed the instant action in this court as a means of compelling such production.

On August 8, 2007, the District Court for the District of Columbia granted Plaintiff's motion to stay and entered an order staying the proceedings pending "entry of a verdict in that case [the criminal case against Plaintiff in the Eastern District of Michigan], or disposition of that case, whichever is first." (8/7/07 Order, Non-Party Resps.' Mot. to Quash Ex. A.)

On August 31, 2007, Non-Party Respondents Ashenfelter and Detroit Free Press filed their motion to "Quash Subpoena and Dismiss, and/or for Protective Order." Respondents argue that, in light of the fact that Plaintiff's civil proceeding in the District of Columbia is stayed, no discovery should be permitted in the instant action and Plaintiff's subpoena should be quashed and the case dismissed. (*See generally* Resps.' Mot. to Quash.) Respondents state that no date has been set for Plaintiff's criminal trial and that, should Plaintiff be convicted, his civil case in the District of Columbia could not proceed, thus making an indefinite stay in the instant case an unfavorable option for this court to pursue. (*Id.*)

On September 5, 2007, Plaintiff filed a "Motion for Stay" in this court. Plaintiff argued that, "[b]ased on the stay issued by the U.S. District Court for the District of Columbia, this proceeding should be stayed" until the U.S. Court for the District of Columbia lifts the stay. (Pl.'s Mot. for Stay at 1.)

3

## II. DISCUSSION

Given the circumstances, the court is persuaded that a stay is the most appropriate course of action in this case. The civil proceeding in the District of Columbia is currently stayed pending resolution of Plaintiff's criminal case in the Eastern District of Michigan. Inasmuch as the instant action was initiated to enforce a subpoena issued in Plaintiff's civil action, these proceedings should likewise not progress. The court rejects Non-Party Respondents' assertion that a stay in this court would be unfavorably open-ended because no date has been set for Plaintiff's criminal trial. Indeed, the court is informed that Plaintiff's criminal trial is set to commence on October 9, 2007. (Pl.'s Resps.' to Non-Resp.'s Mot. to Quash at 8.) Thus, a stay in this court would likely not extend unreasonably into the future. Accordingly, the court is persuaded that a stay is the most fitting next step.[1]

## III. CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for Stay" [Dkt. # 3] is GRANTED. This case shall be STAYED until the court in the District of Columbia lifts its currently pending stay. Plaintiff is DIRECTED to notify this court if and when such stay is lifted.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Compel Production" [Dkt. # 1] is DENIED AS MOOT.[2]

---

[1] The court expresses no opinion as to whether Plaintiff's District of Columbia action may proceed in the event that Plaintiff is found guilty of criminal charges.

[2] Plaintiff is free to pursue a motion to compel when this court lifts the stay. Non-Party Respondents are likewise free to pursue a motion to quash, dismiss and/or for a protective order when this court lifts the stay.

IT IS FURTHER ORDERED that Non-Party Respondents Detroit Free Press, Inc. and David Ashenfelter's motion to "Quash Subpoena and Dismiss, and/or for Protective Order" [Dkt. # 2] is DENIED AS MOOT.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: September 24, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 24, 2007, by electronic and/or ordinary mail.

      s/Lisa G. Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\07-50598.Convertino.OrderStayingCase.wpd

5