**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICHARD G. CONVERTINO,

        Plaintiff,

v.                                               Case Number: 07-CV-13842

UNITED STATES DEPARTMENT OF JUSTICE,

        Defendant.

                                                  /

**OPINION AND ORDER DENYING NON-PARTY RESPONDENT'S "MOTION FOR PROTECTIVE ORDER AND REMISSION"**

This matter, being a bit of satellite litigation revolving around a lawsuit pending in the District of Columbia, was ordered closed coincident with the court's order granting, in part, Plaintiff's "Motion to Compel . . . " [Dkt. # 27]. The parties now return to court with non-party respondent David Ashenfelter's "Motion for Protective Order and Remission." Plaintiff Richard G. Convertino has filed a response in opposition. The court concludes that, at the threshold, remission is not an appropriate procedure in this instance, and that, because the further substance of Respondent's motion raises only the same arguments as were already presented in his response to Plaintiff's motion to compel, Respondent's request for a protective order is denied.

**I. BACKGROUND**

On August 28, 2008, the court granted in part Plaintiff's "Motion to Compel Production from Non-Party Reporter David Ashenfelter and Non-Party Corporation Detroit Free Press." (8/28/08 Order at 22.) Specifically, the court granted the motion to compel with respect to Ashenfelter and denied it as to Detroit Free Press. (*Id.*)

Following the court's order, Respondent raised no objection nor filed any motion to reconsider and the parties simply agreed to depose him on October 16, 2008. (Ashenfelter's Mot. at 5; Pl.'s Resp. at 1.) Respondent did not file a motion to stay the deposition, (Pl.'s Resp. at 2), but instead filed the current motion on October 13, 2008, three days before his scheduled deposition. (Ashenfelter's Mot. at 5.) Respondent did not appear for his scheduled deposition and has not provided the compelled testimony. (Pl.'s Mot. at 1-2.)

## II. DISCUSSION

### A. Remission

Respondent first asks this court to remit the decision on a protective order to the D.C. district court, where both the underlying lawsuit and a similar motion are pending. (Ashenfelter's Mot. at 7-9.) A non-party deponent may seek "a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c). If, as here, the deponent resides in a different district than the district in which the lawsuit is pending, the Federal Rules specifically contemplate a "foreign" district issuing a protective order. *Id.*; *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 79 F.3d 46, 48 (7th Cir. 1996). The Federal Rules also specifically contemplate the "foreign" district court's discretion in deciding whether to remit the decision on a protective order, under Federal Rule of Civil Procedure 26, to the district where the lawsuit is pending. Fed. R. Civ. P. 26 advisory committee's note (1970) ("The court in the district where the deposition is being taken *may*, and frequently will, remit the deponent or party to the court where the action is pending.") (emphasis added); *In re Digital Equip. Corp.*, 949

2

F.2d 228, 231 (8th Cir. 1991) ("While the Oregon district court initially has exclusive jurisdiction to rule on the objections, it may in its discretion remit the matter to the court in which the action is pending."). Thus, while "foreign" district courts "frequently will" remit the deponent's motion for a protective order to the district where the action is pending for resolution, any determination is firmly within a court's discretion. *Digital Equipment*, 949 F.2d at 231.

The typical purpose of remission, in the context of a protective order, is to place complicated factual disputes before a single court which may be most familiar with all the facts in a case. *Socialist Workers Party v. Attorney Gen. of the United States*, 73 F.R.D. 699, 700 (D. Md. 1977). No such purpose would be served here, as this court became sufficiently familiar with the relevant facts over the course of a year of pre-hearing jostling, negotiation and delay, ultimately to resolve the satellite discovery issue at the heart of Respondent's present motion through the August 28 order compelling production. Perhaps recognizing that remission could not meet its usual goals here, Respondent proposes a different basis for the court to remit the protective order determination to the D.C. district court. He reads a footnote in the court's August 28, 2008 order to mean that this court determined that it could not properly resolve a protective order without delving into the merits of the underlying action. He then offers that only the D.C. district court can accomplish this task. (Ashenfelter's Mot. at 6.) The court's order, after assessing Respondent's interests in limiting the discovery sought, concluded that any "concerns are overbalanced by [Plaintiff's] countervailing interests." (8/28/08 Order at 20.) As a footnote at that point, the court noted that under an alternative analysis, which Respondent had proposed the court adopt, he would still

3

likely fail.  (*Id.* at n.16, "This case-specific balancing of interests is likely to yield the same results under the third factor in the *Southwell* privilege analysis . . . .")  The court went on to note that Respondent's view of that analysis – requiring some delving into the merits of the underlying matter – was completely without legal support.  (*Id.*, "There is no known authority for this court, having jurisdiction over the underlying suit, to deny a motion to compel based upon a proposed cart-before-horse determination that the merits of the claims are weak or lacking.")  Respondent seizes this brief discussion, a footnote of mere observational dicta amongst twenty-two pages of the court's order, and purports that it was "dispositive of the motion to compel, since it left [Plaintiff] free to contest the merits of Ashenfelter's arguments, but deprived Ashenfelter of the reciprocal ability to question [Plaintiff's] premises."  (Ashenfelter's Mot. at 1.)  The court firmly disagrees.

     This court certainly did *not* rely on the analysis discussed in the footnote for its decision.  To the contrary, the court explicitly rejected Respondent's choice of an analytical framework: "*Southwell* sided with the majority of circuit courts . . . Ashenfelter urges this court to do the same . . . [h]owever, this court cannot agree . . . ."  (8/28/08 Order at 11.)  The later footnote merely noted that the court's final decision would remain unchanged under the *Southwell* analysis, but did not rely on its rejected approach to reach the decision.  Further, the court's footnote does not "deprive[ ] Ashenfelter of the reciprocal ability to question [Plaintiff's] premises."  (Ashenfelter's Mot. at 1.)  The response to Plaintiff's motion to compel contested Plaintiff's premises, which the court fully considered but rejected in resolving the motion.  After the court's order, Respondent remained free to contest the merits of Plaintiff's arguments, or the

court's decision, through an appropriate motion but did not. Respondent's asserted basis for this court to remit the protective order to the D.C. district court is without merit.

### B. Protective Order

Respondent argues that the D.C. district court would agree with the approach advanced in his response to Plaintiff's motion to compel. He may be right. (8/28/08 Order at 12, noting the Sixth Circuit's non-recognition of a qualified privilege for reporters is binding, even if it means the Sixth Circuit is a "minority of one.") Respondent, however, had an opportunity to, and did, raise this argument in his response to Plaintiff's motion to compel. (Ashenfelter's Resp. at 9-16.) Likewise, Respondent had an opportunity to, but did not, file a motion for a protective order either as a part of his response to Plaintiff's motion or as a separate motion. (Pl.'s Resp. at 2.) In choosing not to file a motion for a protective order before the motion to compel was decided, Respondent put this court in a position to determine "whether discovery [might] be had, and its scope, since it is the only court with the power to order enforcement." *In re Sealed Case*, 141 F.3d 337, 342 (D.C. Cir. 1998) (holding that the ruling court was required to shape discovery where the non-party deponent did not "take the bait and move for a protective order in the trial court" before the subpoena-issuing court ruled on a motion to compel). Thus, Respondent's actions – or inaction – placed this court in a position which required shaping discovery by ruling only on Plaintiff's motion to compel. The court considered and rejected a qualified reporter's privilege as incongruent with established Sixth Circuit precedent. (8/28/08 Order at 12-13.) Respondent's current motion therefore becomes little more than a motion for reconsideration, offering the same arguments in support of a qualified reporter's privilege that he advanced in his

5

response to Plaintiff's motion to compel.  A motion for reconsideration must be filed within ten days after the entry of an order.  E.D. Mich. LR 7.1(g)(1).  Respondent waited at least forty-six days to file his current motion.  Even construing the request for a protective order as a motion to reconsider, therefore, does not deflect from the court's decision to reject it.

There are strong reasons favoring simultaneously bringing a motion for protective order and a motion to compel, or bringing a motion for a protective order before any other discovery motions.  Litigants, or non-parties, must realize that a motion to compel will likely resolve discovery issues with finality.  If a court were to shape discovery, then face a later motion for protective order on the same subject matter, it would force the court to revisit issues already ruled upon.[1]  This legally and procedurally awkward position is what Respondent's tardy motion for protective order has now created.

Finally, at least one court has found that bringing a motion for a protective order after the court has addressed the same grounds in a prior motion to compel demonstrates actual bad faith on the party of the movant.  *Albert v. Starbucks Coffee Co., Inc.*, 213 Fed. App'x 1, 2 (D.C. Cir. 2007) (affirming the district court's holding that movant's choice to "not file his motion for a protective order . . . until . . . after the court

---

[1] It is not simply revisiting a settled issue itself that creates the troublesome position here. Rather, it is advancing previously-made arguments in the form of a motion for protective order, the approach Respondent has taken.  Such reconsideration of a motion to compel might be properly raised in a timely motion for reconsideration, E.D. Mich. LR 7.1(g), or perhaps in response to a contempt citation, *United States v. Ryan*, 402 U.S. 530, 532 (1971) ("[O]ne to whom a subpoena is directed may not appeal the denial of a motion to quash that subpoena but must either obey its commands or refuse to do so and contest the validity of the subpoena if he is subsequently cited for contempt on account of his failure to obey.") The court offers no prediction with respect to the viability of such a response were it to be offered at this late date.

had issued its order compelling attendance at the deposition" amounted to willful and bad faith conduct). It bears mentioning, also, that the act of filing a motion does not excuse a movant from prior obligations to the court. *Pioche Mines Consolidated, Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) ("The burden is on the proposed deponent to get an order, not just to make a motion."); *King v. Fid. Nat'l Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir. 1983). Withal, this court does *not* presently find Respondent's current position is taken in bad faith,[2] though it observes that Respondent was obviously aware of the issues at stake and could have brought his motion for a protective order, either in this district or in the D.C. district court, during the many months the motion to compel was pending. Respondent did not bring such a motion, (8/28/08 Order at 20), and, as already discussed, the issues raised in his current motion were previously addressed by the court in ruling on the motion to compel. Respondent's attempt to relitigate the analysis of the motion to compel through a belated motion for protective order, while not necessarily amounting to bad faith, is at best unsubstantiated and untimely.

### III. CONCLUSION

---

[2] The court is aware of other factors which might later be considered if the court were presented with a motion for sanctions or contempt. Specifically, it appears that Respondent readily agreed to schedule his deposition for October 16, 2008, but waited to file his current motion until only days before the agreed upon date, remaining silent until after Plaintiff's counsel had purchased an airline ticket and informed Respondent of his plans. (Pl.'s Resp. at 2.) Further, Respondent's counsel's only attempt to comply with E.D. Mich. LR 7.1(a), which requires seeking concurrence on motions, was made by email contacts with a non-lawyer clerk/intern employed at Plaintiff's firm, the unofficial status of whom counsel seems to have been made aware. (Pl.'s Resp. at 14-15.) If these *apparent* circumstances were to be later borne out as fact, and perhaps joined by others of a similar vein in a battle over fees and costs, they could be interpreted as a strategy of dissembling and "sandbagging" which, as such, would not bode well for Respondent and/or his attorney.

Accordingly, IT IS ORDERED that non-party respondent David Ashenfelter's "Motion for Protective Order and Remission" [Dkt. # 28] is DENIED. The court's August 28, 2008 Order remains fully in effect.[3]

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: November 7, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 7, 2008, by electronic and/or ordinary mail.

                                              s/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522

---

[3] The court anticipates that a deposition in compliance with the court's August 28, 2008 Order will be set forthwith by Plaintiff's counsel. As always, the court remains available by telephone to immediately resolve any date-setting disputes that might arise.