**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICHARD G. CONVERTINO,

      Plaintiff,

v.                                Case Number: 07-CV-13842

UNITED STATES DEPARTMENT OF JUSTICE,

      Defendant.

                                                /

## OPINION AND ORDER DENYING NON-PARTY RESPONDENT'S MOTION FOR RECONSIDERATION

On November 7, 2008, this court issued an opinion and order denying Non-Party

Respondent David Ashenfelter's "Motion for Protective Order and Remission." In that

order, the court stated that Respondent's motion was "little more than a motion for

reconsideration" of the court's August 28, 2008 order granting Plaintiff Richard

Convertino's motion to compel. (11/07/08 Order at 5.) Ashenfelter has now filed a

motion for reconsideration, in effect asking this court to reconsider its denial of a motion

to reconsider. For the reasons stated below, Ashenfelter's motion is denied.

### I. BACKGROUND

On August 28, 2008, the court granted in part Plaintiff's "Motion to Compel

Production from Non-Party Reporter David Ashenfelter and Non-Party Corporation

Detroit Free Press." (8/28/08 Order at 22.) Specifically, the court granted the motion to

compel with respect to Ashenfelter and denied it as to Detroit Free Press. (*Id.*)

Following the court's order, Respondent raised no objection nor filed any motion to

reconsider and the parties simply agreed to depose him on October 16, 2008.

(Ashenfelter's 10/13/08 Mot. at 5; Pl.'s 10/27/08 Resp. at 1.) Respondent did not file a motion to stay the deposition, (Pl.'s 10/27/08 Resp. at 2), but instead filed a motion for a protective order and remission on October 13, 2008, three days before his scheduled deposition. (Ashenfelter's 10/13/08 Mot. at 5.) Respondent did not appear for his scheduled deposition and has not provided the compelled testimony. (Pl.'s Resp. at 1-2.) On November 7, 2008, this court denied Respondent's motion both because remission was inappropriate where the court was "sufficiently familiar with the relevant facts . . . to resolve the satellite discovery issue at the heart of Respondent's . . . motion . . . ", (11/07/08 Order at 3), and because the motion was "little more than a motion for reconsideration" filed at least thirty-six days late. (*Id.* at 5-6.) Respondent filed the current motion seeking reconsideration of the court's November 7, 2008 order.

## II. STANDARD

Though Respondent does not specify a legal standard for his motion to reconsider, Federal Rule of Civil Procedure 59(e) governs the altering or amending of a judgment. Fed. R. Civ. P. 59(e). A district court maintains discretion when deciding a motion to amend a judgment under Rule 59(e). *Northland Ins. Co. v. Stewart Title Guar. Co.,* 327 F.3d 448, 454-55 (6th Cir. 2003). "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

Additionally, the court only grants motions for reconsideration if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of

the case."  E.D. Mich. LR 7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious,

clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682,

684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D.

Mich. 2001)).  A motion for reconsideration that presents "the same issues already ruled

upon by the court, either expressly or by reasonable implication," will not be granted.

E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952

(E.D. Mich. 1997).

### III.  DISCUSSION

### A.  Respondent's "Reply"

Respondent's motion takes issue with this court's entering of an order before he

filed a reply to his motion for a protective order and remission.  (Resp.'s Mot. at 1.)

Reply briefs, unlike response briefs, are submitted at a party's discretion.  *See* E.D.

Mich. LR 7.1.  Just as a party is not required to submit a reply brief, the court is not

required to wait for, or consider, a reply brief if the issues are sufficiently clear after

considering a motion and response.

Perhaps because Respondent did not file his reply before the court's order, his

current motion "presents many of the arguments and information that would have been

contained in [Respondent's] reply brief."  (Resp.'s Mot. at 1.)  As such, Respondent's

motion disputes, at various points, facts or issues presented by Plaintiff in his response

to Respondent's motion for a protective order.[1]  While this may be proper content for a

---

[1] For example, "[c]ontrary to Convertino's characterization . . .", (Resp.'s Mot. at 1),
"Convertino says that . . .", (*Id.* at 2), "Convertino mistakenly suggests", (*Id.* at 4,)
"Convertino also suggested . . . ."  (*Id.* at 3, n.3.)

reply brief, it is not proper for a motion for reconsideration, which should serve to demonstrate palpable defects, new issues, and errors of law.  In this procedural posture, it is the court's denial of Respondent's prior motion that is at issue, not disagreements with statements Plaintiff made in his response brief to a prior motion. Respondent does, however, address some of this court's reasoning in denying his motion for a protective order and remission, to which the court now turns.

### B.  Timing and Content of Motion for a Protective Order

Respondent disputes the court's finding that his motion for a protective order should have been brought prior to the court's August 28, 2008 ruling on Plaintiff's motion to compel.  Respondent avers that he raised his arguments in a timely manner and included all his possible grounds for a motion for a protective order in his response to the motion to compel.  That is precisely the point.  As the court ruled in its August 28 order, Respondent's motion for a protective order presented little more than the same arguments presented in his response to the motion to compel, as he himself now admits.[2]  The framework for compelling discovery has been set through this court's grant of Plaintiff's motion to compel and Respondent's motion for a protective order merely asked the court to reconsider those bounds, well outside the time limit for doing so.  (11/07/08 Order at 5-6.)

Respondent also argues that resolution of Respondent's motion for a protective order requires delving into the merits of the underlying matter.  The court explicitly

---

[2] "[Plaintiff] says that [Respondent] should have 'raise[d] all of his argument' in opposition to the motion to compel . . . But that is exactly what [Respondent] did." (Resp.'s Mot. at 2.)  "[Respondent] did raise all of the arguments that now support his protective order request in response to [Plaintiff's] motion to compel." (*Id.* at 3.)

considered this argument in its order denying Respondent's motion, (11/07/08 Order at 3-4), and found it unavailing.  Respondent presents no palpable defect by which the court was misled.  In a similar fashion, Respondent argues that this court was mistaken in denying his motion for remission.  Beyond simply stating that he disagrees, however, Respondent offers no defect that is obvious, clear, unmistakable, manifest, or plain. *Lockett*, 328 F. Supp. 2d at 684.  As such, to the extent Respondent argues for reconsideration of the court's denial of a protective order and remission, his motion presents nothing more than "the same issues already ruled upon by the court, either expressly or by reasonable implication," and must be denied.  E.D. Mich. LR 7.1(g)(3); *Czajkowski,* 967 F. Supp. at 952.

## C.  Factual Controversies

Finally, Respondent seeks to correct the factual record presented by Plaintiff in his response to Respondent's motion for a protective order.  Based on Plaintiff's response, the court stated, in a footnote, that the court was "aware of other factors which *might* later be considered *if* the court were presented with a motion for sanctions or contempt."  (11/07/08 Order at 7, n.2) (emphasis added.)  Respondent's current motion presents a different view of the facts which the court need not address here.  As the footnote made clear, the court was not ruling on the facts as presented by Plaintiff. If a motion for sanctions or contempt were to be filed by either Plaintiff or Respondent, the court would allow a response from the opposing side to ensure a well-developed factual picture.  The court takes no position on the accuracy of Respondent's statements regarding Plaintiff's version of the facts, but does hold that the dispute is better reserved for a time when the court is faced with a motion based on those facts.

5

## IV.  CONCLUSION

Accordingly, IT IS ORDERED that non-party respondent David Ashenfelter's

Motion for Reconsideration [Dkt. # 32] is DENIED.  The court's August 28, 2008 Order

remains fully in effect.[3]

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 21, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, November 21, 2008, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[3] As the court has previously said, a deposition in compliance with the court's August
28, 2008 Order is anticipated to be set by Plaintiff's counsel, and the court will remain
available to immediately resolve any date-setting disputes that might arise.