UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD G. CONVERTINO,

       Plaintiff,

v.                                                                                               Case Number: 07-CV-13842

UNITED STATES DEPARTMENT OF JUSTICE,

       Defendant.
                                             /

## OPINION AND ORDER DENYING
## NON-PARTY RESPONDENT'S EMERGENCY MOTION

Pending before the court is Non-Party Respondent David Ashenfelter's "Emergency Motion for Immediate Consideration of Declaration And, Provisionally, To Certify Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)." For the reasons stated below, Ashenfelter's motion will be denied.

In this lengthy discovery dispute, Ashenfelter has raised Fifth Amendment objections to nearly every question proposed in his prior deposition. As a result, the court ordered Ashenfelter to reappear for a deposition on April 20, 2009 at 2:00 p.m.[1] The deposition is set to occur in the Theodore Levin United States Courthouse so that the undersigned judge "is readily available to review and decide disputed objections." (2/26/09 Order at 10.) In preparation for reviewing any objections, the court suggested, as one course of action, that Ashenfelter submit "a detailed affidavit prior to the deposition or ex parte *in camera* review of Ashenfelter's basis as to particular

---

[1] Via stipulated order, this date has been adjourned to occur on April 21, 2009 at 2:00 pm. at the Theodore Levin United States Courthouse. (3/31/09 Order.)

questions." (*Id.*, n.9.)  Ashenfelter submitted an affidavit, under seal and for the undersigned judge's review only, on March 6, 2009.  Ashenfelter has now filed an emergency motion seeking relief in two ways.  First, Ashenfelter seeks to have this court immediately consider his affidavit and "clarify its view on Ashenfelter's Fifth Amendment privilege based on the facts before it."  (Ashenfelter's Mot. at 5.)  Second, Ashenfelter seeks to have this court certify a question for interlocutory appeal to the Sixth Circuit addressing the extent of his First and Fifth Amendment privileges under these circumstances.  (*Id.* at 5-7.)

First, to the extent Ashenfelter seeks to have this court "immediately" review his submission, such request is moot, as it was reviewed within minutes of it being lodged under seal in chambers. The court views the submission as one piece of evidence to be considered should Ashenfelter choose to pose a Fifth Amendment challenge to questions in his upcoming deposition.  The court's prior order did not state that a ruling, based on Ashenfelter submission, would be forthcoming before the deposition.  Nor does Ashenfelter point either to any legal authority or any previous statement of this court that would require such a ruling.  Ashenfelter is simply expected to appear for his deposition as ordered.  Should he choose to then refuse to answer questions based on a particular objection, the court will consider the asserted basis at that time, assisted perhaps by his affidavit submission.

Second, Ashenfelter's argument that his deposition should be delayed so that this court may certify a question for interlocutory appeal to the Sixth Circuit is unavailing.  Ashenfelter, as a non-party, is required to testify as a result of a valid subpoena.  The court has ruled at least twice that the subpoena stands and has ordered Ashenfelter to

2

abide by its dictates.  (8/28/08 Order; 11/07/08 Order.)  Ashenfelter argues that, without a certified question, he will be forced to choose contempt before an appeal might be taken.  As support, Ashenfelter cites a Sixth Circuit case which would seemingly allow the procedure he seeks.  *In Re Grand Jury Subpoenas*, 573 F.2d 936, 940 (6th Cir. 1978) ("Where the witness files a motion to quash a subpoena duces tecum on Fifth Amendment grounds, the Court, instead of finding him guilty and punishing him for contempt, from which a direct appeal could be taken, may certify an interlocutory appeal under Section 1292(b).").  Under *Grand Jury*, the court "may certify" an appeal, it is not required to do so.[2]  In light of United States Supreme Court precedent governing those to whom a subpoena is directed and the requisite procedure, the court does not choose to follow this course of action.  *United States v. Ryan*, 402 U.S. 530, 532 (1971) ("[O]ne to whom a subpoena is directed may not appeal the denial of a motion to quash that subpoena but must either obey its commands or refuse to do so and contest the validity of the subpoena if he is subsequently cited for contempt on account of his failure to obey.")  The court does not wish to ignore precedent and allow a circumvention of well-established procedure through such an emergency motion.[3]

---

[2] Ashenfelter also cites *United States v. Nixon*, 418 U.S. 683 (1974), in which the Supreme Court allowed the sitting President of the United States, who had asserted the executive privilege, to directly appeal his claim before being subjected to a contempt charge.  *Id.* at 691-92.  The factual situation present in that case is so many orders of magnitude beyond the facts underlying this case as to require no further discussion.

[3] Further, and in any event, the court has not yet determined the extent of the Fifth Amendment's application in this context.  Thus, Ashenfelter's argument about hypothetical contempt charges stemming from the possibility that this court may later decide that some of his dozens of Fifth Amendment objections are invalid, is premature.

For the reasons stated above, IT IS ORDERED that non-party respondent David Ashenfelter's "Emergency Motion . . ." [Dkt. # 57] is DENIED.

s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  March 31, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 31, 2009, by electronic and/or ordinary mail.

s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522