**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICHARD G. CONVERTINO,

    Plaintiff,

v.                                                              Case Number: 07-CV-13842

UNITED STATES DEPARTMENT OF JUSTICE,

    Defendant.

                                                               /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On April 21, 2009, non-party reporter David Ashenfelter appeared and was deposed by Plaintiff's counsel. During his deposition, Ashenfelter was asked questions to which he objected, relying upon his Fifth Amendment privilege. To weigh the legitimacy of the objections, the court held an *ex parte* conference with Ashenfelter's counsel, on a record that was ordered to be sealed, during which Ashenfelter's counsel elaborated and provided certain facts to support a basis for the objections. The court relies upon the reasons stated by the court on the sealed record, as well as on the open deposition record, and more throughly discussed in a separate sealed opinion filed at the same time as this opinion is filed, in sustaining Ashenfelter's objection to answering certain questions based upon the protections of the Fifth Amendment.

During Ashenfelter's April 21, 2009 deposition, Plaintiff offered an oral motion for reconsideration of the court's decision to sustain the privilege objection. Plaintiff later filed a "Supplemental Brief in Support of His Argument that [Non-Party Reporter] David Ashenfelter Has Waived Any Fifth Amendment Privilege."

Ashenfelter's Fifth Amendment objection, sustained at the deposition, remains sustained and the reasons therefor have been stated in a somewhat more detailed order filed separately under seal.  Plaintiff's motion for reconsideration based upon Ashenfelter's asserted waiver will be denied.

## I.  BACKGROUND

The court has detailed in earlier orders the extensive factual record that has occurred in this discovery dispute since its inception in July of 2007.  It is sufficient to now say that Plaintiff, in support of the merits of his lawsuit, seeks to learn the identity of Ashenfelter's source or sources within the Department of Justice.  On August 28, 2008, the court granted in part Plaintiff's "Motion to Compel Production from Non-Party Reporter David Ashenfelter and Non-Party Corporation Detroit Free Press."  (8/28/08 Order at 22.)  Specifically, the court granted the motion to compel with respect to Ashenfelter and denied it as to Detroit Free Press.  (*Id.*)  After an initial misstep, a deposition was scheduled for December 8, 2008, which Ashenfelter attended.  (Pl.'s Show Cause Mot. at 4.)  At the deposition Ashenfelter refused to answer all but approximately four questions.  Ashenfelter disclosed his name (Pl.'s Show Cause Mot., Ex. 4, at 6) and answered three questions asking him whether particular words were contained in exhibits presented to him (*Id.*, Ex. 4 at 28, 31, 35).  In response to all other questions, Ashenfelter responded "same basis," which counsel for Plaintiff and Ashenfelter stipulated to mean:

> On advice of counsel I decline to answer that question asserting my reporter's privilege under the First Amendment of the U.S. Constitution and Article 1, Section 5 of the Michigan Constitution, federal common law and any other relevant federal or state statute, rule or case law protecting or creating a reporter's or news gatherer's privilege.  I also assert my rights under the Fifth

> Amendment of the U.S. Constitution as well as Article 1, Section 17 of the Michigan Constitution and where relevant I will add the attorney/client privilege and work product document.

(*Id.*, Ex. 4 at 9-10.)

The court ordered Ashenfelter to reappear for a deposition, to occur at the Theodore Levin United States Courthouse, so that the undersigned judge would be available to consider objections were they to occur. (2/26/09 Order at 10.) In addition, the court invited Ashenfelter to submit an *ex parte* affidavit for *in camera* review, in support of his claim of a Fifth Amendment privilege. (*Id.* n.9.) Ashenfelter submitted such an affidavit on March 6, 2009 and appeared for his continued deposition on April 21, 2009. At that deposition, Ashenfelter was asked for the names of Detroit Free Press employees to whom he had disclosed his source. He was also asked to identify his source. As to both questions, Ashenfelter, on the advice of his counsel, objected and refused to answer, citing his Fifth Amendment right against self-incrimination. After hearing argument from counsel for both Plaintiff and Ashenfelter on the deposition record, the court concluded that an *ex parte*, *in camera* discussion on a sealed record would be required to substantiate Ashenfelter's assertion of possible self-incrimination. The court immediately convened a conference with counsel for Ashenfelter elsewhere in chambers, and based on the facts and further argument proffered at the conference, the court sustained Ashenfelter's objection to each of the two questions.

At that time, Plaintiff's counsel orally moved for "reconsideration of that holding on the basis of waiver." (Ashenfelter's Resp., Ex. H, at 105.) The court noted that the issue would require "an argument and presumably responses and an analysis of waiver" (*id.*, Ex. H, at 107), and permitted Plaintiff to file a supplemental brief in support of his

motion for reconsideration. Plaintiff's motion, in essence, argues that "[b]y declaring, under oath, that the facts printed in [Ashenfelter's] Article were true, and that his sources worked for the Department of Justice . . . Ashenfelter has waived any Fifth Amendment privilege . . . and must be compelled . . . to identify which DOJ officials provided him with the information." (Pl.'s Mot. at 2.) Ashenfelter responds that Plaintiff's motion is predicated on an entirely new issue, and thus is not appropriate for a motion for reconsideration. (Ashenfelter's Resp. at 7.)

## II. STANDARD

### A. Fifth Amendment

The Fifth Amendment allows a witness in a civil matter to refuse to answer questions when to do so would involve substantial risk of self-incrimination. *United States v. U.S. Currency*, 626 F.2d 11, 14 (6th Cir. 1980); *see also W.J. Usery v. Brandel*, 87 F.R.D. 670, 682 (W.D. Mich. 1980). Any refusal to answer, however, must be a valid assertion of rights under the Fifth Amendment and it is for the court to decide whether a witness's silence is justified. *Morganroth v. Donovan*, 718 F.2d 161, 167 (6th Cir. 1983). A witness's mere declaration that he might incriminate himself is not enough to justify a failure to answer, *Hoffman v. United States*, 341 U.S. 479, 486 (1951), as it remains the role of the court to consider "the implications of the question, in the setting in which it is asked," *id.* at 486-87, and to employ the judge's "personal perception of the peculiarities of the case [as much as] the facts actually in evidence," *id.* at 487, to determine the legitimacy of the witness's position. The witness must provide "an explanation of why [a question] cannot be answered." *Id.*

4

A witness's refusal to answer may be upheld where the witness has "reasonable cause to apprehend a real danger of incrimination." *Id.* Critically, this danger must be real, and not a "fanciful possibility of incrimination." *U.S. Currency*, 626 F.2d at 14; *Morganroth*, 718 F.2d at 167. The court should not weigh the *probability* of prosecution in considering the assertion of the privilege though, but should instead examine the *possibility* of prosecution. *W.J. Usery*, 87 F.R.D. at 683 ("[A]s long as prosecution is possible . . . [the witness] has such reasonable cause [to assert the Fifth Amendment.]"); *see also In re: Folding Carton Antitrust Litig.*, 609 F.2d 867, 872 (7th Cir. 1979) ("[T]he right to assert one's privilege against prosecution does not depend upon the Likelihood, but upon the Possibility of prosecution.") (internal quotation omitted); *Camelot Group, Ltd. v. W.A. Krueger Co.*, 486 F. Supp. 1221, 1228 (S.D.N.Y. 1980) ("The absence, however, of a pending or likely prosecution does not rule out a finding that the privilege asserted is well-founded."). Indeed, the probability of prosecution is typically irrelevant in examining the privilege, unless a legal bar, such as the expiration of the statute of limitations or a grant of immunity, would prevent any criminal prosecution. *W.J. Usery*, 87 F.R.D. at 683; *In Re: Folding Carton*, 609 F.2d at 872. Where, however, a question calls for an answer that would not subject one to even a possibility of prosecution, there is no reasonable cause to sustain the Fifth Amendment privilege, and the court will require the witness to answer. *Hoffman*, 341 U.S. at 486.

In some instances, the risk of incrimination inherent in a question may be patent. "[I]f an answer to a question, on its face, calls for the admission of a crime," *Morganroth*, 718 F.2d at 167, "a witness bears no further burden of establishing a reasonable cause

to fear prosecution." *Id.* The same is true where "questions, which appear on their face to call only for innocent answers, are dangerous in light of other facts already developed." *Id.*; *Hoffman*, 341 U.S. at 487. There is a third category of questions, however, in which the answer to the question is not patently incriminating and the court is without sufficient facts to determine the danger of incrimination. *Morganroth*, 718 F.2d at 168 ("Whether a witness risks a 'real danger' of prosecution from questions which appear on their face to call for only innocent answers and where the incriminating nature of the answer is not evident from the implications of the question in the setting in which it is asked, is a difficult question left unanswered by *Hoffman*."). In this third category, the witness need not prove, in a traditional sense, the "hazard of incrimination." *Id.* But the witness must present sufficient evidence such that the "court can, by the use of reasonable inference or judicial imagination, conceive a sound basis for a reasonable fear of prosecution." *Id.* Above all, it is the witness's claim of the Fifth Amendment which controls, and therefore it is the witness who "must supply personal statements under oath or provide evidence with respect to each question propounded to him to indicate the nature of the criminal charge which provides the basis for his fear of prosecution." *Id.* "Argument may be supplied by counsel but not the facts necessary for the court's determination." *Id.* at 170.

### B. Reconsideration Standard

Although Plaintiff does not identify the standard by which the court considers such motions, Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") governs the altering or amending of a judgment. A district court maintains discretion when deciding a motion to amend a judgment under Rule 59(e). *Northland Ins. Co. v. Stewart Title Guar. Co.,*

327 F.3d 448, 454-55 (6th Cir. 2003). "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

Additionally, the court will ordinarily grant a motions for reconsideration only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration that presents "the same issues already ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

Further, a Rule 59(e) motion for reconsideration cannot be used "to raise new legal arguments that could have been raised before" a ruling. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2006); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.3d 10, 16 (1st Cir. 1992)); *Somerville v. Dewalt*, 09-cv-68, 2009 WL 1211158, *2 (E.D. Ky. May 1, 2009) (holding that "a motion for reconsideration is not a vehicle . . . to proffer new arguments . . . that the movant could have brought up earlier."). This prohibition on raising new arguments in a motion for reconsideration

serves the "judicial imperative of bringing litigation to an end." *GenCorp, Inc. v. Am. Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

## III.  DISCUSSION

### A.  Fifth Amendment Objection

Among other offenses, Ashenfelter has expressed a fear of prosecution for a violation of 18 U.S.C. § 641.  (Ashenfelter 1/21/09 Resp. at 17.)  In pertinent part, that statue states that:

> Whoever . . . steals, purloins, or knowingly converts to his use . . . or without authority, . . . disposes of any record . . . of the United States or of any department or agency thereof; or
>
> Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted –
>
> Shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 641.

In the context of the Fifth Amendment, if the court's "judicial imagination" *Morganroth*, 718 F.2d at 169, can lead to the conclusion that a question proposed to Ashenfelter, seeking the identity of his source, could "furnish a link in the chain of evidence needed to prosecute," *Hoffman*, 341 U.S. at 486, him for stealing, receiving, retaining, or disposing of any record of the United States, in violation of 18 U.S.C. § 641, his fear of self-incrimination is well-founded.

The court finds at least minimally sufficient facts to support such conclusion that Ashenfelter's silence, maintained through the protections claimed under the Fifth Amendment, is a valid assertion of his rights, and his objections to deposition questions which sought a connection to the identity of his source have been sustained.

## B. Motion for Reconsideration

Plaintiff's motion for reconsideration argues that "[b]y declaring, under oath, that the facts printed in [Ashenfelter's] Article were true, and that his sources worked for the Department of Justice . . . Ashenfelter has waived any Fifth Amendment privilege . . . and must be compelled . . . to identify which DOJ officials provided him with the information." (Pl.'s Mot. at 2.)  Prior to Plaintiff's mention of a waiver argument at Ashenfelter's April 21, 2009 deposition – *after* the court sustained Ashenfelter's Fifth Amendment objections – this particular argument had not been raised in this litigation. Plaintiff's counsel admitted as much after making his oral motion for reconsideration:

> The Court: . . . And I don't know that this – that an issue of waiver expressed in the way that [Plaintiff is] expressing it has been rounded out or the arguments developed particularly.  Do you think that they have and that I'm not remembering?
>
> [Plaintiff's Counsel]: No, I think that – I think the Court would be well served if the parties were given an opportunity to brief that and we would do it through a formal motion for reconsideration on the prior ruling.

(Ashenfelter's Resp., Ex. H, p. 108.)  Plaintiff's reply brief, while stating that the relative timeliness of his argument is "completely irrelevant," nonetheless affirms that the argument is entirely new to this matter, "[Plaintiff] did not previously argue that Mr. Ashenfelter's March 26, 2008 affidavit . . . waived his Fifth Amendment privilege." (Pl.'s Reply at 1.)  Plaintiff does not address the significant precedent which prohibits new arguments from being raised in motions for reconsideration, and instead avers that "[n]othing precludes a . . . Court from exercising its discretion to entertain any argument it chooses, including those not previously raised." (*Id.*)  That is not the case. *See, e.g.*, *Roger Miller Music, Inc.*, 477 F.3d at 395; *Estate of Quirk v. C.I.R.*, 928 F.2d 751, 759

9

(6th Cir. 1991); *World Univ. Inc.*, 978 F.3d at 16 ("Rule 59(e) motions are aimed at *re*consideration, not initial consideration.") (internal quotation omitted). Nor does Plaintiff offer any explanation as to why this argument could not have been presented prior to the court's April 21, 2009 ruling sustaining Ashenfelter's Fifth Amendment objection.

Further, Plaintiff states that "the Court explicitly ordered both parties to brief the issue of waiver," which, he implies, endorsed the entrance of a new argument into this lengthy discovery dispute, after its resolution. (Pl.'s Reply at 1.) His argument is without merit. The court, after being presented with an oral motion for reconsideration, determined that the complexity of the argument rendered it inappropriate for resolution during a deposition, stating that "[i]t seems to me we ought to do this in court, not in a deposition." (Ashenfelter's Resp., Ex. H, at 108.) The court did not order the initial motion for reconsideration, nor did the court imply it would ignore precedent and entertain new legal arguments first presented in a motion for reconsideration.

Finally, Ashenfelter first raised his Fifth Amendment privilege during his December 8, 2008 deposition. Plaintiff raised his waiver argument, disputing Ashenfelter's invocation of the privilege, during Ashenfelter's second deposition, held on April 21, 2009. Apart from being unaware why Plaintiff would not have raised this argument in the intervening four months, the court has no duty to "correct what has – in hindsight – turned out to be [Plaintiff's] poor strategic decision." *GenCorp, Inc.*, 178 F.3d at 834. In the interest of finality of litigation, the court declines to consider an entirely new legal argument as presented in Plaintiff's motion for reconsideration.

## IV. CONCLUSION

Accordingly, IT IS ORDERED Plaintiff's Motion for Reconsideration [Dkt. # 66] is DENIED.

                                              s/Robert H. Cleland  
                                              ROBERT H. CLELAND  
                                              UNITED STATES DISTRICT JUDGE

Dated: February 9, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 9, 2010, by electronic and/or ordinary mail.

                                              s/Lisa Wagner  
                                              Case Manager and Deputy Clerk  
                                              (313) 234-5522