**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICHARD G. CONVERTINO,

    Plaintiff,

v.                                                           Case No. 07-13842

UNITED STATES DEPARTMENT OF JUSTICE,

    Defendant.
                                                          /

**ORDER DENYING MOTION FOR RECONSIDERATION
AND DENYING MOTION TO EXPEDITE**

On April 15, 2011, this court ordered the above-captioned matter be held in abeyance pending appeal of the decision in the underlying case. (4/15/2011 Order.) On April 22, 2011, nonparty respondent David Ashenfelter filed the instant motion for reconsideration, asserting that the court erred in not dismissing all motions for lack of jurisdiction. The court ordered Plaintiff Richard G. Convertino to respond to the motion for reconsideration (4/27/2011 Order), and Plaintiff responded on May 11, 2011. On June 2, 2011, Ashenfelter moved to expedite his motion for reconsideration. Plaintiff responded on June 3, 2011, opposing the motion as substantially arguing for reconsideration. Having reviewed the briefs, the court will not order hearing on the motions. E.D. Mich. LR 7.1(h)(2).

Eastern District of Michigan Local Rule 7.1 provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR

7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(h)(3); *Savage v. United States*, 102 F. App'x 20, 23 (6th Cir. 2004).

The court previously considered and addressed the arguments raised by Ashenfelter regarding the court's jurisdiction to hold the pending matters in abeyance. (*See* 4/27/2011 Order; 4/15/2011 Order; 3/30/2011 Order.) As previously stated, "[a]lthough the court recognizes it is without jurisdiction to adjudicate the discovery motions in the above-captioned matter, Ashenfelter has presented no precedent clearly indicating that the court must immediately dismiss the matter as moot where Plaintiff has appealed as of right." (4/27/2011 Order.) While recognizing that reasonable jurists could disagree with this court's determination, Ashenfelter has presented citations only to persuasive authority to the contrary. *See, e.g.*, *Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001) ("When a case is moot . . . dismissal of the action is compulsory.") Notwithstanding such concerns, the court previously determined that holding the proceedings in abeyance comports with the jurisdictional requirement of a live "case or controversy" under the unusual procedural posture of this case. Therefore, Ashenfelter's presentation of the same issues previously decided does not "demonstrate a palpable defect" upon which reconsideration may be had. Accordingly,

IT IS ORDERED that David Ashenfelter's motion for reconsideration and motion to expedite consideration of motion for reconsideration [Dkt. ## 94 & 99] are DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: June 10, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 10, 2011, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522