**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICHARD G. CONVERTINO,

    Plaintiff,

v.                                           Case No. 07-13842

UNITED STATES
DEPARTMENT OF JUSTICE,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER
AND DENYING NON-PARTY ASHENFELTER'S "EXPEDITED MOTION TO STAY
CONSIDERATION OF PLAINTIFF'S MOTION TO RECONSIDER" AS MOOT**

On April 21, 2009, Plaintiff's counsel deposed non-party newspaper reporter David Ashenfelter. During his deposition, Ashenfelter objected to many questions by invoking his Fifth Amendment privilege. After holding an *ex parte* hearing, during which Ashenfelter's counsel elaborated and provided certain facts to support a basis for the objections, the court sustained Ashenfelter's objection. During Ashenfelter's April 21, 2009 deposition, Plaintiff offered an oral motion for reconsideration of the court's decision to sustain the privilege objections. Plaintiff later filed a "Supplemental Brief in Support of His Argument that [Non-Party Reporter] David Ashenfelter Has Waived Any Fifth Amendment Privilege." On February 9, 2010, the court denied Plaintiff's Motion for Reconsideration. Once again, Plaintiff moves for reconsideration.[1] Ashenfelter filed an

---

[1] Motions for reconsideration must be filed within 14 days from the entry of the judgment or order they challenge, *see* E.D. Mich LR 7.1(h)(1), making the due date in this instance May 5, 2009. Plaintiff filed his motion more than three years late. Although Plaintiff's failure to comply with the filing deadline is reason enough to deny

"Expedited Motion to Stay Consideration of Plaintiff's Motion to Reconsider."  For the reasons that follow, Plaintiff's motion for reconsideration will be denied and, consequently, Ashenfelter's motion will be denied as moot.

A motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties . . . have been misled," and (2) "show that correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(h)(3).  "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest, or plain."  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

Plaintiff relies exclusively on Attorney General Eric Holder's statement that the Department of Justice "will not prosecute any reporter for doing his or her job."  *FY14 DOJ Budget Hearing: Hearing Before the S. Appropriations Subcomm. on Commerce, Justice, Science and Related Agencies,* 113th Cong. (2013) (Statement of Eric Holder, Att'y Gen. of the United States) (June 6, 2013).  Plaintiff argues that "the Attorney General's testimony now renders Mr. Ashenfelter's assertions that his testimony could lead to incrimination are now clearly implausible and there is no substantial risk of self-incrimination."  (Pg ID 2082.)  However, "a motion for reconsideration is not an appropriate vehicle for raising new facts or arguments."  *United States v. A.F.F.*, 144 F. Supp. 2d 809, 811 (citing *Salopek v. Comm'r of Internal Revenue*, No. 99-9012, 2000 WL 350263, at *2 (10th Cir. Apr.5, 2000)).  Like motions pursuant to Federal Rule of Civil Procedure 59, motions under Local Rule 7.1(h) "are aimed at *re* consideration, not initial consideration."  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d

---

reconsideration, the court also determines that his motion lacks merit.

367, 374 (6th Cir. 1998) (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992)).  Plaintiff has not "[demonstrated] a palpable defect by which the court and the parties . . . have been misled," the correction of which would "result in a different disposition of the case."  E.D. Mich. LR 7.1(h)(3).

Even if the court construes Plaintiff's motion as a motion for relief under Federal Rule of Civil Procedure 60(b) he remains unentitled to relief.  Under that rule, a district court may grant relief from a final judgment upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).

A Rule 60(b) motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  As already noted, Plaintiff filed his motion three years past due and thus would only be *eligible* for relief under Rule 60(b)(4)–(6).  Sections (4) and (5) are inapplicable.  Plaintiff's only conceivable avenue for relief, then, is the catch-all provision contained in Rule 60(b)(6).  Although Rule 60(b)(6) permits granting relief for "any other reason that justifies" it, the rule applies only in "exceptional and extraordinary circumstances not addressed by the first five subsections of Rule

60(b)." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001).  The exceptional circumstances require "unusual and extreme situations where principles of equity mandate relief."  *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). Plaintiff has not demonstrated such exceptional circumstances.

General Holder's testimony offers Ashenfelter no protection from future prosecution.  Intervening changes in the law rarely constitute extraordinary circumstances for relief under Rule 60(b)(6).  *Gencorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (quoting *Agostini v. Felton*, 521 U.S. 203, 239 (1997)).  "Instead, courts have relied on an applicable change in decisional law, coupled with some other special circumstance, in order to grant Rule 60(b)(6) relief."  *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir.2001).  A change in the law, standing alone, would not justify Rule 60(b)(6) relief.  A statement made by a beleaguered political appointee at a congressional subcommittee hearing may be many things, but it is not a change in the law.  Accordingly,

IT IS ORDERED that Plaintiff's motion for reconsideration [Dkt. # 119] is DENIED.

IT IS FURTHER ORDERED that Ashenfelter's "Expedited Motion to Stay Consideration of Plaintiff's Motion to Reconsider" [Dkt. # 120] is DENIED as moot.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 25, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 25, 2013, by electronic and/or ordinary mail.

                                               s/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522